UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHELLE MCCLURE,

      Plaintiff,

                                    Civil Action 2:12-cv-00309
v.                              Judge Edmund A. Sargus
                                    Magistrate Judge Elizabeth P. Deavers

PARKING SOLUTIONS, INC.,

      Defendant.

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's failure to respond to the Court's July 12, 2012 Show Cause Order. For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff, who is proceeding *pro se*, brought this action on April 9, 2012. Following service of Plaintiff's Complaint and Defendant's Answer, the Court scheduled a Preliminary Pretrial Conference for July 12, 2012 at 11:00 a.m. Counsel for Defendant appeared at this conference and was prepared to participate. Despite communicating to Court personnel on July 11, 2012 that she was aware of the conference, Plaintiff failed to appear. Accordingly, on July 12, 2012, the Court issued a Show Cause Order requiring Plaintiff to show cause within fourteen days as to why this case should not be dismissed for failure to prosecute. The Court cautioned Plaintiff that failure to respond could result in dismissal of her action. As of the date of this Report and Recommendation, Plaintiff has failed to offer any response to the Court's July 12, 2012 Show Cause Order.

The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute or comply with rules or court orders is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999). Furthermore, "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x. 371, 375 n.1 (6th Cir. 2008).

The United States Court of Appeal for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

In this case, dismissal for failure to prosecute is appropriate. The circumstances suggest that Plaintiff willfully chose to miss the July 12, 2012 Preliminary Pretrial Conference and has

since failed to respond to the Court's Show Cause Order.  Plaintiff's failure to attend the conference not only displays a lack of proper diligence, but also a disregard for the time of both Defense counsel and this Court.  The Court cautioned Plaintiff that failure to respond to the Court's Show Cause Order could result in dismissal.  Despite this warning, however, Plaintiff has failed to offer any excuse for her conduct.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b)

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: August 2, 2012 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge